The Honorable Judge of the United States Court of Appeals in and for the 7th Judicial Circuit. Hear ye, hear ye, hear ye. All persons having business before this honorable court are admonished to draw near and give their attention. As the court is now sitting, God save the United States and this honorable court. Good morning, ladies and gentlemen. Our first case for argument this morning is United States v. Adan Godinez. Mr. Palmer. Good morning, your honors. If you were expecting me to have my bright, energetic, enthusiastic law students presenting arguments... We can probably hear you better without a mask, although that's your choice once you're up arguing. Thank you, your honor. It's much better without the mask. If you were expecting to see my bright, energetic, enthusiastic law student presenting argument this morning, I apologize. They are not here. They realize that there is life after law school, and they each got married and took off on their honeymoons. So I'll be presenting the argument, although they principally drafted the briefs under my supervision. There is not a great deal, if any, conflict or discussion about the applicable law in this case. There is an appellate waiver in the plea agreement. We agree that if the plea was voluntary and only made, the waiver applies and this appeal should be either dismissed or the trial court affirmed. However, the issue, and the only issue in this case, is whether that plea was knowing and voluntary. So can you please explain to me, though, Mr. Palmer, why once the district court judge decided to have the full evidentiary hearing, I realize he was on the verge of it, and then the one lawyer withdrew the request, but then he eventually, when all is said and done, has this hearing, makes the credibility determinations, decides that it was knowing and voluntary, and I just don't see how this is the case for the argument that you're making. It's a twofold argument, Your Honor. In looking at whether a plea was knowing and voluntary, the court looks to the totality of the circumstances, and this court employs it to noble standard review. I agree that the court made determinations about the credibility of his prior lawyers and his own credibility through his affidavit. Correct, Your Honor. However, the second part of our argument is the Rule 11 colloquy, and because those two pieces fit together, neither of them is completely dispositive of whether the plea was knowing and voluntary, and our argument is based on the fact that the Rule 11 colloquy was primarily all yes-no questions, and I agree with, I have no choice but to agree with all of the court's prior opinions that say that normally that is sufficient. That in itself does not create a problem, but in this case, there was a point in which the court asked Mr. Godinez if he agreed with the government's statement of the facts. He hesitated. He said, in those exact words, and then he asked to speak to his lawyer, and then he came back and agreed that he agreed with the government's statement of the facts. That one bit of hesitancy could have been cured by a simple question from the court asking for a narrative response, that question being, is there something else you want to tell me, Mr. Godinez? But Mr. Palmer, that had the potential to at least infringe on the attorney-client privilege, right? I don't believe so if the question was simply, is there something else you want to tell me? It's not asking what he and the attorney spoke of. He's simply asking, you're hesitant. Is there something more I should know? And that would relate arrest any confusion or misunderstanding by Mr. Godinez. Now, of course, he's going to agree with the government's factual statements because he did do everything that the government alleges in the colloquy. But that doesn't reach the issue of defenses. Not only must he understand the laws that applies to what he's pleading guilty to, he must also understand all of the defenses that are available to him. And there's nothing in the Rule 11 colloquy that references any possible defenses or not. And that is why that— But there are the general questions. You know, are you satisfied with the assistance you've gotten from your lawyer? And my recollection is when that moment comes that you're talking about where he hesitates over the way the judge has put it and says, can I talk to my lawyer? The judge says, certainly. You know, take as much time as you want. So I don't know what's wrong with that. No, there's nothing wrong with that, Your Honor. That was an appropriate thing to do to grant that request. But because he did show hesitancy, it would have cured any confusion or misunderstanding if the court had asked that one simple narrative question, is there anything else you want to add? Is there anything I should know? Something like that. And then if Godinez had an entrapment defense he wanted to raise, he could have gone into that because that obviously was not included in the factual background of the crimes themselves. He did commit the crime. The question is, was he entrapped? So by agreeing with the government's recitation of the facts, he wasn't saying he was guilty as much as, yeah, I'm agreeing with what you said, but maybe there's more. And that maybe there's more is what the court should have gone into in following up on the hesitancy expressed. That's the only issue in the case, Your Honor. I don't need to take up any more of your time unless you have questions. Thank you. Thank you, Mr. Palmer. Mr. Rothblatt. May it please the court, my name is Richard Rothblatt, and I represent the United States. The district court correctly found on two occasions that defendant's plea in this case was knowing and voluntary, that defendant failed to show a fair and just reason to withdraw his plea. First, defendant signed a 24-page plea agreement with a detailed recitation of facts, an explicit acknowledgement of his rights, and a waiver of his appellate rights. At a change of plea hearing, the district court had a lengthy and detailed colloquy with the defendant to, among other things, review those rights, waivers, and facts, and found that defendant's guilty plea was knowing and voluntary. Second, after briefing and a lengthy evidentiary hearing at which defendant's former attorneys testified, along with a co-worker and a DE agent, the district court made a number of important factual findings and legal findings, including that defendant's former attorneys had discussed a potential entrapment defense with him and explored that defense prior to defendant's decision to plead guilty. Defendant's former attorneys were credible when they testified that they did not coerce defendant into pleading guilty and were prepared to take the case to trial. Defendant's co-worker, who testified that he did not force defendant to participate in narcotics trafficking, was credible, and defendant's affidavit in support of his motion to withdraw his plea was not credible. And finally, that defendant was not actually innocent of the charged offenses because an entrapment defense was not viable based on overwhelming evidence of defendant's predisposition to commit the drug offense to which he pleaded guilty. Because defendant's plea was voluntary, this appeal is barred by the express appellate waiver in the plea agreement, and even if the appeal is not barred, the district court did not abuse its discretion in denying defendant's motion to withdraw his plea. Now, whether or not defendant can even get to the merits of the determination here, the conclusion is the same, and that's that the plea was voluntary. The district court conducted a plea colloquy with defendant regarding his plea agreement in February of 2018. During that plea colloquy, defendant repeatedly affirmed that no one had coerced him to plead guilty, and that he was pleading guilty voluntarily. Those statements that defendant made at his plea colloquy are entitled to a presumption of verity. And after this lengthy colloquy, the district court found that defendant's plea was knowing and voluntary. Defense counsel raises questions about the colloquy itself, but the colloquy complied with Rule 11. The district court informed defendant of his rights, the maximum penalties, the nature of the charges, and ensured that there was a sufficient factual basis for the counts of conviction. As this court decided in United States v. Messino, there's never been a required narrative in a plea colloquy as long as that colloquy substantially complies with Rule 11. No narrative questions were required here in light of the actual back-and-forth between defendant and the court. When defendant, at one occasion during this lengthy plea colloquy, asked for a moment to consult with his attorneys, the court provided him with that opportunity, asked if the plea colloquy was correct, and defendant affirmed that it was. After defendant's change of plea hearing, he filed a motion and submitted an affidavit, and the district court held a hearing on defendant's motion of withdrawal, at which the defendant's former attorneys testified, the source of information, his former co-worker testified, and the case agent testified, introducing various phone records, including communications between the co-worker and defendant. The court found that defendant's former attorneys were credible and that defendant's affidavit was not credible. Specifically, the district court found, at sentencing, that defendant's affidavit was the basis of an obstruction enhancement because he was attempting to willfully impede the administration of justice by submitting that affidavit, which was also the basis of the factual section of defendant's appellate brief. So none of the facts alleged by defendant that were proffered as a basis for the entrapment defense were found to be credible by the district court after an evidentiary hearing at which all these various witnesses testified. Unless the court has any questions, I'll conclude that the government respectfully requests that this court find the appellate waiver is enforceable and this appeal should be dismissed, or find that the district court did not abuse its discretion in denying defendant's motion to withdraw his plea and affirm the district court's ruling. Thank you. Thank you, Mr. Rosenblatt. Anything further, Mr. Palmer? Yes, Your Honor. Very quickly. As I indicated in my opening argument, there's no real disagreement about the law in this case. It's about the application of facts to the law. And there's only one statement that I want to raise an issue with, the statement about the overwhelming evidence of his predisposition to commit this crime. Obviously, it's not in the record, or I would have brought it up, but how likely is it that an employee would go to his boss, whom he just became employed with, and say, hey, want to buy some cocaine? Know anybody who might want to? I don't see that in the record, and I don't believe that that's really very likely. Thank you, Your Honors. Thank you very much. And, Mr. Palmer, we appreciate your willingness and that of your students to accept the appointment in this case. The case is taken under advisement.